**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 16-6035
_____

RONNIE K. LONG, JR.,

        Plaintiff – Appellant,

    v.

JAMES VAUGHAN, Superintendent; CHAPLAIN BETTY BROWN, Director of Chaplaincy Services; OLIVER WASHINGTON; JOHN MORGAN; W. DAVID GUICE; GEORGE T. SOLOMON; FRANK L. PERRY,

        Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:14-ct-03117-BO; 5:14-ct-03198-BO)

_____

Submitted: May 27, 2016        Decided: June 14, 2016

_____

Before DIAZ and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Ronnie K. Long, Jr., Appellant Pro Se. Joseph Finarelli, Special Deputy Attorney General, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronnie K. Long, Jr., appeals the district court's order granting the Defendants' motions for summary judgment. Long, a North Carolina inmate, filed claims pursuant to 42 U.S.C. § 1983 alleging that: (1) his religious rights were violated by a North Carolina Department of Correction ("NCDOC") policy that required Wiccans to use a styrofoam cup and bowl in place of stone, wood, or metal chalices and bowls when worshipping in their cells; (2) his equal protection rights were violated, in that Native American and Catholic practitioners were allowed to use objects made of natural materials in their worship; and (3) NCDOC policies denied him access to the courts.

We "review the district court's grant of summary judgment de novo, applying the same standard as the district court . . . [and] construing the evidence in the light most favorable to . . . the non-movant." Walker v. Mod-U-Kraf Homes, LLC, 775 F.3d 202, 207 (4th Cir. 2014). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Long first argues that NCDOC substantially interfered with his right to practice his religion by forcing him to use a styrofoam cup and bowl in place of a metal or stone chalice and

2

bowl. Long asserts that use of man-made materials in Wiccan worship is blasphemous.

Prisoners maintain their constitutional rights to freedom of religion, and therefore "reasonable opportunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendment without fear of penalty." Cruz v. Beto, 405 U.S. 319, 322 n.2 (1972). Consequently, states may not adopt "policies that impose a substantial burden on a prisoner's right to practice his religion." Wall v. Wade, 741 F.3d 492, 498 (4th Cir. 2014). A substantial burden "is one that puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006) (brackets and internal quotation marks omitted).

We conclude that the district court correctly ruled that Long failed to establish that NCDOC's policies imposed a substantial burden upon his practice of the Wiccan religion. Although styrofoam may be anathema to Wicca, Long produced no evidence demonstrating that a chalice and bowl were required to practice Wicca. Long averred that a chalice and bowl aided him in his worship, but he never asserted that they were required for worship. To the contrary, the evidence submitted by both Long and the Defendants demonstrated that such items were not required.

3

Long next alleges that NCDOC violated his equal protection rights by treating Wiccans differently from Catholics and Native Americans. Long also argues that the district court erred in granting summary judgment in favor of the Defendants on this claim because the "[D]efendants intentionally refused to turn over [NCDOC's] Catholic Policy for 2000," which would have demonstrated that Catholics were allowed to use objects made of metal, stone, or wood. Long therefore argues that further discovery was required.

The Fourteenth Amendment's Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). We have held that

> To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny.

Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001).

The district court did not err in determining that Long failed to establish that he was similarly situated to other

prisoners who had received religious accommodations. There is no evidence that a chalice and bowl are essential to practice Wicca, whereas the use of a sacred pipe "is an essential religious activity for the American Indian religious practitioner." Furthermore, Long presented no evidence demonstrating that Catholics in North Carolina prisons conduct worship with objects made of metal, stone, or wood but are not required by their religious precepts to do so.

Turning to Long's next argument, we review for abuse of discretion a district court's denial of an opportunity to engage in further discovery prior to entry of summary judgment. Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002). We "will not reverse a denial unless there is a clear abuse of discretion or, unless there is a real possibility the party was prejudiced by the denial of the extension." Ingle ex rel. Estate of Ingle v. Yelton, 439 F.3d 191, 195 (4th Cir. 2006) (internal quotation marks omitted). "Generally speaking, 'summary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" Harrods, 302 F.3d at 244 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986)) (brackets omitted). We have reviewed Long's argument and the record and perceive no abuse of discretion on this point.

5

Finally, Long argues that NCDOC denied him effective access to the courts. To prevail on a claim of denial of access to the court, prisoners must demonstrate actual injury. Lewis v. Casey, 518 U.S. 434, 350-51 (1996). Thus, a prisoner must show that the prison policies "hindered his effort to pursue a legal claim." Id. at 351.

Long argues that without legal assistance, he was unable to effectively oppose summary judgment. However, the Supreme Court has explicitly rejected any notion that denial of legal assistance alone may form the requisite injury needed to pursue an access to courts claim. See id. at 354. Aside from this purported injury, Long has not demonstrated that he was unable to pursue his claims. To the contrary, Long was able to successfully file complaints, motions, briefs, and other documents before both the district court and this court, and effectively pursued every avenue of redress available to him. Long therefore has not established a cognizable injury and his claim was properly denied.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

6